PALMER & DUTCHER *vs.* FOOTE.

The owner of a bond and mortgage who has recovered a judgment upon the bond, and has exhausted his remedy at law upon the judgment by the return of his execution thereon unsatisfied, may proceed by a creditor's bill against the judgment debtor without a previous foreclosure of the mortgage ; except in a case where the mortgaged premises have been transferred to a third person as the primary fund for the payment of the mortgage debt

As the mortgaged premises cannot be sold on an execution, upon a judgment recovered for the mortgage debt, the costs of the suit upon the bond are not a lien upon the mortgaged premises.

Whether the owner of the bond and mortgage, after he has exhausted his remedy at law upon the bond, can make his creditor's bill a bill of foreclosure also, so as to embrace both objects in one suit ; *quære* ?

THIS case came before the court upon the defendant's plea to a creditor's bill, upon a judgment recovered by the complainant Dutcher, in the name of the complainant Palmer, on a bond given by the latter payable by instalments, which bond had been duly assigned to Dutcher. The defendant pleaded in bar, both of the discovery and of the relief sought for by the bill, that at the time of the execution of the bond upon which the judgment was recovered, he also executed to Palmer a mortgage on real estate, to secure the payment of the same debt ; which mortgage had also been assigned to Dutcher together with the bond, and was still held by him as a security for the same debt, and had not been foreclosed.

*I. Harris*, for the complainants.

*S. G. Haven*, for the defendant.

THE CHANCELLOR. The question presented in this case is whether a creditor by bond and mortgage, who has proceeded to judgment and execution on his bond, is bound to proceed and foreclose his mortgage before he can file a bill to obtain satisfaction of the debt out of the defendant's personal estate, which is placed beyond the reach of the execution at law. As between the creditor and the mortgagor I can see no legal or equitable ground for requiring the cred-

itor to proceed and foreclose the mortgage, instead of continuing the proceedings which he has already commenced to obtain satisfaction out of the defendant's personal estate. If the mortgaged premises are in fact sufficient to satisfy the debt, and no other person has a subsequent lien or incumbrance thereon, the defendant has it in his power to pay the debt either out of the real or personal estate as he may think proper; as he has nothing to do but to convert his property into money and pay off the judgment, without the expense either of a bill of foreclosure or of a creditor's bill. And if subsequent incumbrancers or purchasers have acquired rights in the mortgaged premises, so that as between them and the mortgagor the previous lien ought in equity to be discharged by him out of his other property, they certainly would have some cause to complain if the creditor should abandon his proceedings against the personal estate of the debtor, for the purpose of exhausting the other fund for the satisfaction of his debt.

If it appeared from the plea that the defendant had sold the mortgaged premises subject to the payment of the mortgage debt by the purchaser, or that the premises had been bid in on execution by a stranger subject to the lien of the mortgage, so that the mortgaged premises were in equity the primary fund for the payment of the mortgage money, and that the mortgagee with a knowledge of that fact was proceeding to compel the defendant to pay the debt out of his own property, contrary to equity, a very different question would be presented. But there is nothing in this plea to show that any injustice can be done to the defendant by compelling him to apply his personal property to pay the debt.

Besides; the complainant has no remedy to recover the costs of the suit at law except by this proceeding; as by the provisions of the revised statutes the mortgaged premises cannot be sold on execution upon this judgment. (2 *R. S.* 368, § 31.) There would, therefore, be great injustice to the complainant in compelling him to resort in the first place to a bill of foreclosure, by which he might lose his

costs of his previous proceedings at law against the other property of the defendant.

I think the complainants in this case, after the return of the execution at law unsatisfied, had a right to elect whether they would proceed by a bill of foreclosure to reach the mortgaged premises, or by a creditor's bill to reach the other property of the defendant which was also beyond the reach of the execution at law. And perhaps both objects might have been attained by the filing of a single bill; unless there are other facts in the case, that do not appear here, which would render such a bill multifarious.

The plea must therefore be overruled with costs, and the defendant must answer the bill within thirty days.